# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| UDELL CARROLL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDRE NASH, ET AL., ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:24-cv-02808-SHM-tmp |

**ORDER DENYING REQUEST FOR INJUNCTIVE RELIEF; DENYING PENDING MOTION (ECF NO. 5) AS MOOT; DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART; GRANTING LEAVE TO AMEND CLAIMS DISMISSED WITHOUT PREJUDICE; AND DIRECTING CLERK TO MODIFY THE DOCKET**

On October 22, 2024, Plaintiff Udell Carroll, Tennessee Department of Correction prisoner identification number 530508, filed a *pro se* civil complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) When Carroll filed the complaint, he was incarcerated at the Shelby County Division of Corrections ("SCDC") in Memphis, Tennessee. (ECF No. 1.) On October 23, 2024, the Court granted Carroll's application to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee. (ECF No. 4.) On December 2, 2024, Carroll filed a motion and request to serve Defendants. (the "Pending Motion", ECF No. 5.)

Carroll's complaint (ECF No. 1) and Pending Motion are before the Court.

The complaint is based on incidents that occurred on or around November 19, 2021, when Carroll was arrested and incarcerated at the SCDC. (*See* ECF No. 1.) The complaint is liberally construed to assert claims for cruel and unusual punishment, equal protection violations,

unreasonable search and seizure, and due process violations. (ECF No. 1 at PageID 3-4.) Carroll names three Defendants: (1) Andre Nash, Memphis Police Officer; (2) the West Tennessee Drug Task Force; and (3) the Memphis Police Department (the "MPD"). (ECF No. 1 at PageID 1, 2.) The complaint does not specify the capacity in which Carroll sues Andre Nash. (*See* ECF No 1.) The Clerk is DIRECTED to add the City of Memphis as a Defendant.

Carroll seeks injunctive relief and monetary damages. (*See id.* at PageID 5.)

For the reasons explained below, the Court: (1) DENIES Carroll's request for injunctive relief; (2) DENIES AS MOOT Carroll's Pending Motion (ECF No. 5); (3) DISMISSES Carroll's § 1983 claims WITH PREJUDICE IN PART and WITHOUT PREJUDICE IN PART (ECF No. 1); and (4) GRANTS leave to amend the claims dismissed without prejudice.

## I. BACKGROUND

On November 19, 2021, Carroll alleges that MPD Officer Nash initiated a traffic stop because Carroll was driving "a rental vehicle with out-of-state tags." (ECF No. 1 at PageID 3.) Carroll alleges that Nash was a member of the Memphis West Tennessee Drug Task Force. (*Id.*) Carroll alleges that Nash "singled" Carroll out to "selectively enforce" a law although Nash "traditionally afforded similarly situated motorists, including himself, privileges and immunities[.]" (*Id.*) Carroll claims he was "seized" for driving "74 mph in a 70 mph" zone during "rush hour" traffic. (*Id.*)

Carroll alleges Nash was "outside of his jurisdiction" in Fayette County during the traffic stop. (*Id.* at PageID 4.) Carroll alleges Nash "admitted to speeding himself during his testimony." (*Id.*) Carroll alleges Nash violated Carroll's right to equal protection and his "right to travel." (*Id.*) Carroll alleges that, during the proceedings following Carroll's arrest, Nash committed perjury and "destroyed and/or tampered with evidence[.]" (*Id.*) Carroll alleges Nash "edited" the

dash and body camera footage before the footage was entered into evidence. (*Id.*) Carroll alleges Defendants violated his Fourth Amendment right against unreasonable search and seizure, his Fifth and Fourteenth Amendment due process and equal protection rights, and his Eighth Amendment right against cruel and unusual punishment. (*Id.*)

II. **SCREENING**

**LEGAL STANDARD**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint — (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), and in *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "Pro se complaints are to be held

'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### III.   ANALYSIS

#### A.   § 1983 Claims

Carroll sues under 42 U.S.C. § 1983. (*See* ECF No. 1 PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

#### B.   Nash and the City of Memphis

Carroll does not specify whether he sues Nash in his official or individual capacity. Although it is preferable that a plaintiff state explicitly whether a defendant is sued in his or her "individual capacity," the failure to do so is not fatal if the "course of proceedings" demonstrates that the defendant received sufficient notice that the intent was to hold the defendant personally liable. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001). The Sixth Circuit has applied a "course of proceedings" test to determine whether § 1983 defendants have received notice of the plaintiff's intent to hold a defendant personally liable. *Id.* at 773; *see Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *3 (6th Cir. Apr. 1, 2024); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (noting that the "course of proceedings" in unspecified

4

capacity cases typically will indicate the nature of the liability sought to be imposed). The "course of proceedings" test considers the nature of the plaintiff's claims, requests for compensatory or punitive damages, the nature of any defenses raised in response to the complaint, and whether subsequent filings put the defendant on notice of the capacity in which he or she is sued. *Moore*, 272 F.3d at 772 n.1 (citing *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995)).

Based on the course of proceedings to date, Carroll's claims against Nash are official capacity claims. The official capacity claims against Nash in Carroll's complaint are treated as claims against Nash's employer — the City of Memphis (the "City"). *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).

The City may be held liable *only* if Nash's injuries were sustained pursuant to an unconstitutional custom or policy of the City. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby making clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Carroll does not allege that he has been deprived of a right because of a policy or custom of the City. Carroll instead seeks relief based on his allegations about Nash's role in Carroll's arrest. Although civil rights plaintiffs are not required to plead the facts demonstrating municipal

liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of a plaintiff's theory of liability, *see, e.g.*, *Fowler v. Campbell*, No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007). The allegations of the complaint fail to identify an official policy or custom of the City that caused injury to Nash.

Carroll does not state a claim against the City or against Nash in Nash's official capacity. Carroll's claims against Nash and the City are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating claims to relief.

  C. **MPD and West Tennessee Drug Task Force**

Carroll names the MPD and the West Tennessee Drug Task Force as Defendants. (ECF No. 1 at PageID 1-2.) It is well-established in the Sixth Circuit that a police department is not a proper defendant in a § 1983 action. *See Matthews*, 35 F.3d at 1049 ("[T]he Police Department is not an entity which may be sued"). "[S]ince *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit." *Mathes v. Metro Gov't of Nashville & Davidson Cnty.*, 2010 WL 3341889, at *2 (M.D. Tenn., Aug. 25, 2010). Under § 1983, a task force may not be sued. *Mayers v. Williams*, No. 16-5409, 2017 U.S. App. LEXIS 22053, at *8 (6th Cir. Apr. 21, 2017).

Police departments can properly be characterized as "sub-units of the municipalities they serve." *Sargent v. City of Toledo Police Dep't*, 150 Fed. App'x 470, 475 (6th Cir. 2005); *accord Kindle v. City of Jeffersontown, Ky.*, 374 F. App'x 562, 570 (6th Cir. 2010); *Duck v. Madison Cnty. Sheriff's Dep't*, No. 17-1043, 2018 WL 2966950, at *3 (W.D. Tenn. June 13, 2018) (citing cases).

Carroll's claims against the MPD and the West Tennessee Drug Task Force are DISMISSED WITH PREJUDICE.

### D. Request for Injunctive Relief

To the extent Carroll seeks injunctive relief sanctioning Defendants and not "allow[ing]" them to "continue violating citizens['] constitutional rights under color of law", his request fails. (ECF No. 1 at PageID 5.)

Preliminary injunctions "are considered preventive, prohibitory, or protective measures taken pending resolution on the merits." *Lichtenstein v. Hargett*, 489 F. Supp. 3d 742, 751 (M.D. Tenn. 2020) (citing *Clemons v. Board of Educ.*, 228 F.2d 853, 856, 73 Ohio Law Abs. 23 (6th Cir. 1956)). Preliminary injunctions are governed by Rule 65(a) of the Federal Rules of Civil Procedure. In determining whether to grant a request for preliminary injunctive relief, the Court must consider: (1) whether a plaintiff has shown a strong or substantial likelihood or probability of success on the merits of the case; (2) whether a plaintiff will suffer irreparable injury if the injunction is not granted; (3) whether granting the injunction will cause potential harm to others; and (4) the impact of the injunction upon the public interest (the "Injunctive Relief Factors"). *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012); *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000), *abrogated on other grounds as recognized in EOG Res., Inc. v. Lucky Land Mgmt., LLC*, No. 24-3211, 2025 U.S. App. LEXIS 8738, at *10 (6th Cir. Apr. 14, 2025). The Injunctive Relief Factors "do not establish a rigid and comprehensive test for determining the appropriateness of preliminary injunctive relief," *Frisch's Rest. Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1984), nor is any one factor controlling. *Gonzales v. National Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000). "Irreparable harm is the core of the preliminary injunction, as we and the Supreme Court have made clear before. It's true that courts 'balance' the four factors, but

while 'the extent of an injury may be balanced against other factors, the existence of an irreparable injury is mandatory.'" *EOG Res., Inc.*, 2025 U.S. App. LEXIS 8738, at *26 (quoting *D.T. v. Sumner Cnty. Sch.*, 942 F.3d 324, 327, 2019 WL 5850408 (6th Cir. 2019)).

A preliminary injunction is an extraordinary remedy, and the party seeking the injunction bears the burden of justifying the relief sought. *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 441, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974). The proof required to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion. *Leary*, 228 F.3d at 739.

Carroll has not met the standard for a preliminary injunction. At this stage of the proceedings, Carroll's likelihood of success is no greater than that of the Defendants' likelihood of success in defending against Carroll's claims. Carroll has not shown that he will suffer irreparable harm if the requested injunctive relief is not granted. The balancing of harms required by the third Injunctive Relief Factor does not weigh significantly in favor of Carroll's requested injunctive relief. Carroll has not demonstrated that a public interest would be advanced by the requested relief. *See National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 325 F.3d 712, 720 n. 4 (6th Cir. 2003).

A moving party has the burden of showing that the circumstances "clearly demand" a temporary restraining order or a preliminary injunction. *See Overstreet v. Lexington—Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Carroll has not met his burden. Carroll's request for injunctive relief is DENIED.

IV. **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir.

8

2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (*per curiam*) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded").  Leave to amend is not required where a deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").  The Court grants leave to amend the complaint under the conditions set forth below.

V. **CONCLUSION**

For the reasons set forth above:

    A.    The Clerk is DIRECTED to add the City of Memphis as a Defendant;

    B.    The Court DISMISSES WITH PREJUDICE Carroll's claims against the Memphis Police Department and the West Tennessee Drug Task Force;

    C.    The Court DISMISSES WITHOUT PREJUDICE Carroll's § 1983 claims against Nash and the City of Memphis for failure to state a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1);

    D.    Carroll's Pending Motion (ECF No. 5) is DENIED AS MOOT;

E.   Carroll's request for injunctive relief is DENIED;

F.   Leave to amend claims dismissed without prejudice is GRANTED. Amended claims must be filed within twenty-one (21) days of the date of this Order. An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule Eight's requirement of a short and plain statement of Carroll's claims. An amended complaint supersedes the complaint and must be complete in itself without reference to the prior pleadings. Carroll or his counsel must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amended complaint. All claims alleged in an amended complaint must arise from the facts alleged in the complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Carroll fails to comply with Rule Eight and the Court's instructions for pleading amended claims, the Court will dismiss improperly pled amended claims with prejudice. If Carroll fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021); and

G.   Carroll is ORDERED to notify the Court immediately, in writing, of his current address, if he is transferred or released. If Carroll fails to provide the Court with his current address or fails to follow any other requirements of this order, the Court

10

may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

IT IS SO ORDERED, this <u>26th</u> day of August 2025.

<u>/s/ <i>Samuel H. Mays, Jr.</i></u>
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE